Affirmed and Memorandum Opinion filed February 8, 2005









Affirmed and Memorandum Opinion filed February 8,
2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01065-CR

____________

 

JOSE LUIS MENDOZA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 916,841

 



 

M E M O R A N D U M   O P I N I O N

Appellant Jose Luis Mendoza was convicted
of aggravated sexual assault of a child. 
In three issues, appellant argues that the State made an improper
closing argument during the punishment phase of trial and that he received
ineffective assistance of counsel.  We
affirm.








Seven-year-old R.G. attended church with
his mother every Saturday.  At some point
during the day, R.G. would go to a children’s room while his mother went to a
worship service.  Appellant sometimes
watched the children.  R.G. testified
that on several occasions, appellant took R.G. out to appellant’s van and
sexually abused him, including anally penetrating R.G.  Eventually, R.G. told his mother about the
incidents, leading to appellant’s arrest. 
Following a jury trial, appellant was convicted of aggravated sexual
assault and sentenced to sixty years’ imprisonment.

In his first issue, appellant argues that
the trial court erred by not granting a mistrial after the prosecutor referred
to appellant as a “monster” during the prosecutor’s closing argument of the sentencing
phase.  Appellant’s counsel objected; the
trial court sustained the objection and instructed the jury to disregard the
statement.  Appellant’s counsel then
moved for a mistrial, which the trial court denied.

In Tompkins v. State, the Court of
Criminal Appeals addressed a similar situation as the one presented here.  774 S.W.2d 195, 217–18 (Tex. Crim. App.
1987), aff’d per curiam by an equally divided Court, 490 U.S. 754
(1989).  The prosecutor in Tompkins
referred to the defendant as an “animal” during closing arguments of the
sentencing phase.  Id. at
217.  There was an objection, an
instruction to disregard, and a motion for mistrial, which was denied.  Id. 
The Tompkins court disapproved of the prosecutor’s remark,
but acknowledged there were past Court of Criminal Appeals cases that found
similar remarks a proper deduction from the evidence and also cases that
reversed convictions for such remarks.  See
id. at 217–18.  Accordingly, the
court stated that “[w]hether such an argument will constitute reversible error,
however, must be decided on an ad hoc basis.” 
Id. at 217.








Assuming the State’s reference  to appellant as a “monster” was not proper,
improper jury argument will not warrant reversal unless the argument, when
considered in light of the entire record, is “extreme or manifestly improper,
violative of a mandatory statute, or inject[s] new facts into the case that are
harmful to the defendant.”  Id. at
218.  Further, an instruction to
disregard will generally cure any improper argument.  Id. 
Here, there was a prompt instruction by the trial court to the jury
to disregard the prosecutor’s statement. 
Considering the egregious facts of this case along with the instruction
to disregard, we find that the prosecutor’s remark does not warrant a new
trial.  Id.; see also Gilcrease
v. State, 32 S.W.3d 277, 279 (Tex. App.—San Antonio 2000, pet. ref’d)
(finding that prosecutor’s calling defendant a “bastard” did not necessitate
new trial even when objection was overruled and no instruction to disregard was
given); Resendez v. State, No. 14-99-01374-CR, 2001 WL 777861, at *1–*2
(Tex. App.—Houston [14th Dist.] July 12, 2001, pet. ref’d) (not designated for
publication) (finding that references to defendant as “animal” and “monster”
were not reversible error even when objection was overruled and  no instruction to disregard given).  Accordingly, we overrule appellant’s first
issue.

In his second and third issues, appellant
argues that he received ineffective assistance of counsel.  Appellant contends that trial counsel was
ineffective for failing to object to questions the State asked prospective
jurors during voir dire and for failing to object to the State’s
cross-examination of a defense witness.

The standard by which ineffective
assistance claims are governed is found in the U.S. Supreme Court’s
pronouncement in Strickland v. Washington, 466 U.S. 668 (1984).  The Court of Criminal Appeals adopted the
two-part Strickland test in Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986).  To prove
ineffective assistance, appellant must show 
that (1) trial counsel’s representation fell below an objective standard
of reasonableness, based on prevailing professional norms, and (2) the result
of the proceeding would have been different but for trial counsel’s deficient
performance.  Strickland, 466 U.S.
at 687–96; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).  There is a strong presumption
that counsel’s conduct fell within the wide range of reasonable professional
assistance.  Thompson, 9 S.W.3d at
813.  To defeat this presumption, “‘any
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.’” Id. at
814 (quoting McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996)).  However, without specific
explanations for counsel’s decisions, a record on direct appeal will rarely
contain sufficient information to evaluate an ineffective assistance
claim.  See Bone v. State, 77
S.W.3d 828, 830, 833 (Tex. Crim. App. 2002); Thompson, 9 S.W.3d at
813–14 (noting that when the record contains no explanation for counsel’s
decisions, an appellate court should be hesitant in deciding whether the
“motivation behind counsel’s actions” was “of strategic design or the result of
negligent conduct”).  








Here, appellant has not defeated the presumption
that trial counsel provided effective assistance.  The argument in both issues is that
appellant’s trial counsel failed to object in two situations and thus was
ineffective.  However, the record is
silent as to why appellant’s counsel did not object in the two situations.  Because the record does not affirmatively
demonstrate that counsel’s performance was deficient, we must presume that
counsel’s decision not to object was reasonable trial strategy.  See Thompson, 9 S.W.3d at 813–14.  Accordingly, we overrule appellant’s second
and third issues.

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed February 8, 2005.

Panel
consists of Justices Yates, Edelman, and Guzman.

Do
Not Publish — Tex. R. App. P.
47.2(b).